# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| PATRICK GRAHAM, | ) | 10-38002-SBB |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MICHAEL MUSICH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 11-01073-SBB |
| PATRICK GRAHAM, | ) | |
| Defendant. | ) | |

**APPEARANCES ON THE PLEADINGS:**

Craig A. Sargent, Esq.                           C. Barton Dunn, Esq.
Patrick Singer, Esq.                             SCHUNK & DUNN, LLC
PRYOR JOHNSON CARNEY                             808 S. Public Road, Suite 202
KARR NIXON, P.C.                                 Lafayette, CO 80026
5619 DTC Parkway, Suite 1200                     COUNSEL FOR THE
Greenwood Village, CO 80111                      DEFENDANT
COUNSEL FOR PLAINTIFF

## MEMORANDUM OPINION AND ORDER
## (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOCKET #12)
## AND (2) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY
## (DOCKET #18)

THIS MATTER comes before the Court for consideration of the Motion for Summary Judgment filed by Michael Musich ("Plaintiff") on April 19, 2011 (Docket #12) and the Response thereto filed by Patrick Graham ("Defendant") on May 18, 2011 (Docket #16).[1] The Court, having reviewed the pleadings, affidavits and exhibits attached thereto, and the within case file, makes the following findings of fact, conclusions of law and enters the following Order.

---

[1] The Plaintiff also filed a Motion for Leave to file a Reply (Docket #18) and a Reply (Docket #20) on May 20, 2011. The Court declines to permit the filing of the Reply as it has sufficient information to rule on this matter.

### I. Summary

The Plaintiff filed this adversary proceeding to prevent the discharge of a debt pursuant to 11 U.S.C. § 523(a)(6). The debt arose from a fight that broke out during a raucous baseball game. After a criminal case, which led to a guilty plea by the Defendant to second degree assault, and several years of civil litigation, which led to a settlement agreement, the Defendant filed this bankruptcy proceeding wherein he intends to discharge the debt owed to Plaintiff by way of the settlement agreement.

The primary defense raised by the Defendant in the Motion for Summary Judgment is that he did not "attack" the Plaintiff. Instead, the Defendant in this adversary proceeding asserts that Plaintiff was the instigator of a fight that resulted in the Plaintiff being injured by the Defendant. He defends against the Motion for Summary Judgment asserting that the injuries he inflicted on the Plaintiff were merely responsive and in the nature of self-defense.[2] Consequently, because he was not the instigator of the fight, he did not have the requisite intent to produce a "willful and malicious injury" to the Plaintiff.

Based upon the facts established herein, the guilty plea, and the settlement agreement, this Court concludes that the Motion for Summary Judgment should be granted.

### II. Standard for Summary Judgment

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Generally, the Court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[4] Once the moving party has demonstrated the absence of material facts in dispute, then the burden shifts to the opposing party to demonstrate material facts supporting a claim exist. The standard for both parties is preponderance of evidence.

### III. Material Undisputed Facts

Historically, this Court has, in accord with former FED.R.CIV.P. 56(d), attempted to specify those facts that *are not* genuinely at issue and those facts that *are* genuinely at issue. To the extent feasible, the Court continues to do so in examining motions for summary judgment

---

[2] Notably, Defendant does not raise as "self-defense" an affirmative defense in this proceeding. Under Colorado law, the Colorado Jury Instructions, 4th Civil ("CJI-Civ."), self-defense is an affirmative defense. CJI-Civ. 20:2.

[3] FED.R.CIV.P. 56(a), made applicable to adversary proceedings by FED.R.BANKR.P. 7056.

[4] *Thournir v. Meyer,* 909 F.2d 408, 409 (10th Cir. 1990).

before it, notwithstanding the elimination of this Rule. The Court has examined the pleadings and record before it and has concluded that the following material facts are not disputed.[5]

1. On the evening of July 16, 2007, Plaintiff was playing the position of catcher in an adult baseball league game taking place at Anderson Park, located at 44th Street and Federal Boulevard in Wheat Ridge, Colorado.[6] Defendant was the batter and he was hit by a pitch.

2. After being hit by the pitch, a fight broke out between the Plaintiff and the Defendant.[7]

3. Defendant purposefully hit Plaintiff in the face.[8]

4. Defendant hit Plaintiff hard enough to fracture Plaintiff's facial bones.[9]

5. As a result of the fight, Defendant was charged with and pleaded guilty to Second Degree Assault, which is a felony.[10]

---

[5] This Court notes that, to the extent possible, the Court utilizes the enumerated factual elements listed by the Plaintiff in his Motion for Summary Judgment verbatim. Where there is dispute, the Court notes the same either in the text or footnotes. Moreover, the Court has made grammatical and stylistic changes where appropriate and/or necessary.

[6] Complaint ¶ 6, Answer ¶ 6; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶1, p. 4; Defendant's Response to Summary Judgment at § III, Element 1, ¶1, p. 3; Exhibit 1 to Plaintiff's Motion for Summary Judgment.

[7] Complaint ¶ 20, Answer ¶ 20; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶2, p. 4; Defendant's Response to Summary Judgment at § III, Element 1, ¶2, p. 4. It must be noted that the Defendant "disputes" the Plaintiff's depiction of who started the fight. However, Defendant's own Response to Motion for Summary Judgment at ¶ 1-4 admits a fight did take place. *See also* Exhibit 3,4 and 10 to Plaintiff's Motion for Summary Judgment. And, *see also*, Exhibits A, B, and C to Defendant's Response to Motion for Summary Judgment.

[8] Complaint ¶ 27, Answer ¶ 27; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶3, p. 4; Defendant's Response to Summary Judgment at § III, Element 1, ¶3, p. 3; *see also* Exhibits 3, 4, and 10 to Plaintiff's Motion for Summary Judgment.

[9] Complaint ¶ 27, Answer ¶ 27; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶4, p. 4; Defendant's Response to Summary Judgment at § III, Element 1, ¶4, p. 3; Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶7, p. 6; Defendant's Response to Summary Judgment at § III, Element 2, ¶7, p.4; Exhibit 1 and 2 the Plaintiff's Motion for Summary Judgment.

[10] Complaint ¶ 20, Answer ¶ 20; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶5, p. 5; Defendant's Response to Summary Judgment at § III, Element 1, ¶5, p. 3. Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶6, p. 6; Defendant's Response to Summary Judgment at § III, Element 2, ¶6, p.4. In responding to the Motion for Summary Judgment, the Defendant vaguely states he is disputing the assertion contained in the Plaintiff's Motion for Summary Judgment to the extent that this fact contains an assertion of "attack." This vague and incomplete response does not comport with this Court's Standing Order 2004-1-SBB.

6. Defendant was sentenced to three years probation, with an additional condition that he successfully complete anger management therapy.[11]

7. On July 14, 2009, Plaintiff filed a civil action against Defendant in Colorado's Arapahoe County District Court, Case No. 09CV1559.[12]

8. Plaintiff's civil action included claims for civil assault and civil battery.[13]

9. On June 7, 2010, Plaintiff's counsel took Defendant's deposition in the context of the underlying civil action.[14]

10. Defendant testified at his deposition that he purposefully hit Plaintiff with his fist hard enough to fracture Plaintiff's face.[15]

11. Plaintiff and Defendant settled the underlying civil action in July 2010.[16]

12. On July 1, 2010, Defendant signed a settlement agreement, a promissory note, and a confession of judgment.[17]

13. The Promissory Note required an initial payment of $4,250.00, plus monthly

---

[11] Complaint ¶ 21, Answer ¶ 21; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶6, p. 5; Defendant's Response to Summary Judgment at § III, Element 1, ¶6, p. 3

[12] Complaint ¶ 22, Answer ¶ 22; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶7, p. 5; Defendant's Response to Summary Judgment at § III, Element 1, ¶7, p. 3.

[13] Complaint ¶ 22, Answer ¶ 22; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶8, p. 5; Defendant's Response to Summary Judgment at § III, Element 1, ¶8, p. 3; Exhibit 5 to Plaintiff's Motion for Summary Judgment.

[14] Complaint ¶ 26, Answer ¶ 26; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶9, p. 5; Defendant's Response to Summary Judgment at § III, Element 1, ¶9, p. 3.

[15] Complaint ¶ 27, Answer ¶ 27; Plaintiff's Motion for Summary Judgment at § II, Element 1, ¶10, p. 5; Defendant's Response to Summary Judgment at § III, Element 1, ¶10, p. 3; Exhibit 10 to Plaintiff's Motion for Summary Judgment.

[16] Complaint ¶¶ 31-32, Answer ¶¶ 31-32; Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶11, p. 7; Defendant's Response to Summary Judgment at § III, Element 2, ¶11, p. 4.

[17] Complaint ¶ 33, Answer ¶ 33; Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶12, p. 7; Defendant's Response to Summary Judgment at § III, Element 2, ¶12, p. 4; Exhibit 7, 8, and 9 to the Plaintiff's Motion for Summary Judgment.

payments to be made in satisfaction of a principal amount of $42,000.00.[18]

14.     Defendant made only the first payment and stopped making payments thereafter.[19]

15.     Plaintiff filed the Confession of Judgment and obtained a judgment against Defendant in Colorado's Arapahoe County District Court.[20]

16.     On October 10, 2010, the Arapahoe County District Court granted the motion for entry of judgment in favor of Plaintiff and against Defendant in the amount of $49,017.14, as requested by Plaintiff's motion ("Arapahoe County Judgment).[21]

17.     Defendant listed the debt arising out of the underlying civil action as a liability on his Statement of Financial Affairs for the present bankruptcy case.[22]

18.     At the Meeting of Creditors in this bankruptcy case, Defendant admitted he was involved in an altercation on July 16, 2007, that he pled guilty to Felony Assault arising out of that altercation, that he gave deposition testimony in the context of the underlying civil action, and that judgment was entered against him and in favor of Plaintiff in the underlying civil action.[23]

## IV.    Issue

Where a Defendant has been involved in an altercation pre-petition whereby he injures the other participant by punching him in the face, is there a "willful and malicious injury" so as to make the debt nondischargeable under 11 U.S.C. §523(a)(6) if:

   a.    Defendant has already pled guilty to second degree assault under Colorado law, but is now claiming self-defense,

---

[18] Complaint ¶ 34, Answer ¶ 34; Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶13, p. 7; Defendant's Response to Summary Judgment at § III, Element 2, ¶13, p. 4.

[19] Complaint ¶ 35, Answer ¶ 35; Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶14, p. 7; Defendant's Response to Summary Judgment at § III, Element 2, ¶14, p. 4.

[20] Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶15, p. 7; Defendant's Response to Summary Judgment at § III, Element 2, ¶15, p. 4.

[21] Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶16, p. 7; Defendant's Response to Summary Judgment at § III, Element 2, ¶16, p. 4.

[22] Complaint ¶ 38, Answer ¶ 38; Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶17, p. 8; Defendant's Response to Summary Judgment at § III, Element 2, ¶17, p. 4.

[23] Complaint ¶ 42, Answer ¶ 42; Plaintiff's Motion for Summary Judgment at § II, Element 2, ¶18, p. 8; Defendant's Response to Summary Judgment at § III, Element 2, ¶18, p. 4.

      b.      And/or the Defendant did not fully realize that punching someone in the face would result in an injury.

The Court concludes that the record and evidence before the Court reflects that the Defendant's claim of self-defense is only of recent vintage and not supported by the exhibits before the Court.[24] The Court concludes that Defendant's guilty plea to second degree assault has the consequence of waiving the affirmative defense of self-defense.[25] Moreover, regardless of who started the fight, the Defendant did punch the Plaintiff in the face with the intention of striking Plaintiff in the face.[26] To the extent that the Defendant does not understand that a forceful striking of the Plaintiff's face might possibly cause injury to the Plaintiff defies logic, physics and biology.

Consequently, as discussed below, the recently invented defenses of the Defendant will not stand and this Court concludes that the debt owed by the Defendant to the Plaintiff is

---

[24] Under Colorado case law, self-defense can either be an affirmative defense in the nature of confession and avoidance, or an "element negating defense," such as in reckless or negligent crimes. *People v. Lara,* 224 P.3d 388, 393 (Colo.App. 2009). Self-defense in this proceeding is negated by the Defendant's guilty plea to felony assault in the prior state court criminal proceeding.

[25] Pursuant to COLO.R.CRIM.P. 11(b),

> The court shall not accept a plea of guilty or a plea of nolo contendere without first determining that the defendant has been advised of all the rights set forth in Rule 5(a)(2) and also determining:
> (1) That the defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea;
> (2) That the plea is voluntary on defendant's part and is not the result of undue influence or coercion on the part of anyone;
> (3) That he understands the right to trial by jury and that he waives his right to trial by jury on all issues;
> (4) That he understands the possible penalty or penalties;
> (5) That the defendant understands that the court will not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed or the granting or the denial of probation, unless such representations are included in a formal plea agreement approved by the court and supported by the findings of the presentence report, if any;
> (6) That there is a factual basis for the plea. If the plea is entered as a result of a plea agreement, the court shall explain to the defendant, and satisfy itself that the defendant understands, the basis for the plea agreement, and the defendant may then waive the establishment of a factual basis for the particular charge to which he pleads...

*See, also, e.g., People v. Chavez,* 730 P.2d 321, 325 (Colorado 1986)(*en banc*).

[26] Pursuant to COLO.REV.STAT. 18-3-203(1), assault in the second degree occurs when a person, "[w]ith **intent** to cause bodiliy injury to another person, he or she causes such injry to any person by means of a deadly weapon." COLO.REV.STAT. 18-3-203(1)(b) (emphasis added). Assault in the second degree also occurs when a person "recklessly causes serious bodily injury to another person by means of a deadly weapon." COLO.REV.STAT. 18-3-203(1)(d).

nondischargeable under 11 U.S.C. 523(a)(6).[27]

## V. Discussion

### A. 11 U.S.C. § 523(a)(6)

11 U.S.C. § 523(a)(6) excepts from discharge any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." This language means "that the actor intend[ed] the consequences of an act, not simply the act itself."[28] For a debt to be nondischargeable under 11 U.S.C. § 523(a)(6), " the debtor must desire to cause the consequences of his act or believe that the consequences are substantially certain to result from it."[29] The "willful and malicious injury" language, "[b]y its terms, ... may apply to a broad range of [tortious] conduct causing harm to people or property."[30]

### B. "Willful" Injury

Here, the injury to Plaintiff was "willful" under § 523(a)(6) because it was *intentional*. The pleadings, testimony, and affidavits demonstrate Defendant *intentionally* struck Plaintiff hard enough to fracture Plaintiff's facial bones. The evidence shows Defendant *intended* to cause injury to Plaintiff—or at the very least that his actions were *substantially certain* to result in injury.[31]

---

[27] The Court notes that the Supreme Court's recent ruling in *Stern v. Marshall,* ___ U.S. ___, 2011WL 2472792 (2011), *may* put into doubt this Court's ability and authority to rule on this issue because it emanates from an interpretation of Colorado civil tort law and criminal law. The alleged tortious conduct—the assault and wrongful acts under state law—have been fully adjudicated by the state court. This Bankruptcy Court is dealing only with the question of dischargeability. Moreover, the matter at hand is agreed to by the parties to be a "core"proceeding under 28 U.S.C. § 157(2)(A) and (I) and this matter indeed appears to be a "core" proceeding,—statutorily and constitutionally—thus, this Court believes it can issue this ruling accordingly. *See* Complaint ¶ 1 and Answer ¶ 1.

[28] *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

[29] *Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1129 (10 th Cir. 2004).

[30] *Id.*

[31] Defendant testified in a deposition under oath as follows:

> Q. And you hit – did you hit Michael Musich on July 16, 2007.
> A. Yes.
> Q. And did you hit Michael Musich with your helmet?
> A. No.
> Q. What did you hit him with?
> A. My fist.
> Q. How many times?

(continued...)

### C. "Malicious" Injury

The injury to Plaintiff was "malicious" under § 523(a)(6) because Defendant took action that was "substantially certain to cause the injury."[32] Additionally, Defendants conduct was wrongful, excessive, and without just cause or excuse.[33] The pleadings, testimony, and affidavits clearly show Defendant's violent conduct was substantially certain to cause Plaintiff's injury, and was wrongful, excessive, and without just cause or excuse.[34] Defendant has not shown any justification or good intention that may excuse his conduct and make the debt arising out of it dischargeable.[35] Indeed, Defendant pleaded guilty to second degree assault under Colorado law. Accordingly, Defendant's conduct—which resulted in the injury to the Plaintiff on July 16, 2007—was "malicious" under 11 U.S.C. § 523(a)(6).

---

[31](...continued)
    A. Once.
    Q. Did you hit him hard?
    A. Can you define "hard?"
    Q. Hard enough to fracture his face?
    A. Yes. Can you be more specific about the face?
    Q. Yes. You hit Michael Musich in the face correct?
    A. Yes.
    Q. And you're saying here today that you hit him with your fist and not your helmet. Is that what you're saying today?
    A. Yes.
    Q. Do you remember that clearly as you sit here today?
    A. Very clearly.
    Q. And you did that on purpose; is that correct?
    A. Yes.

Exhibit 10 to the Plaintiff's Motion for Summary Judgment. *See also* Complaint ¶ 27 and Answer ¶ 27.

[32] *Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. 2004).

[33] *Torrez v. Rizo*, 34 B.R. 886, 887-88 (Bankr. D. 1983)(internal citations omitted); *In re Tinkler*, 311 B.R. 869 (Bankr. D. Colo. 2004).

[34] Complaint ¶ 27, Answer ¶ 27; Exhibit 1, 2, 3, 4, and Exhibit 10 to Plaintiff's Motion for Summary Judgment.

[35] *See Columbia State Bank v. Daviscourt (In re Daviscourt)*, 353 B.R. 674 68788 (10th Cir. 2006).

D. **The Implications of the Settlement Agreement, Promissory Note, and the Confession of Judgment.**

Defendant seems to argue that the Settlement Agreement, Promissory Note, and Confession of Judgment did not preclude further litigation and that the parties did not agree that the same would be nondischargeable. First, it *does* appear that the Settlement Agreement, Promissory Note, and Confession of Judgment fully resolved all litigation between the parties so long as the payments were made by the Defendant to the Plaintiff in accordance therewith. Second, in essence this case is quite similar to the *Archer v. Warner* case,[36] wherein a debt for money promised in a settlement agreement was found nondischargeable under 11 U.S.C. § 523(a)(2)(A) since the settlement was for an underlying fraud claim. That is, the court could look the to the facts and circumstances leading up to a settlement agreement (i.e. a contract), and if the facts and circumstances reflected that the settlement agreement originated from a fraud claim, it was still nondischargeable.[37] Here, the only difference is that the claim resolved arises out of a "willful and malicious injury by the debtor to another." Thus, the debt, in accord with the reasoning in *Archer v. Warner*, is nondischargeable. The debt is nondischargeable under 11 U.S.C. § 523(a)(6).

V. **Order**

Based on the above and foregoing

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED. The obligation arising out of the Debtor's conduct, which resulted in the entry of the Arapahoe County Judgment, is nondischargeable.

IT IS FURTHER ORDERED that the Motion for Leave to File a Reply in Support of Plaintiff's Motion for Summary Judgment (Docket #18) is DENIED.

IT IS FURTHER ORDERED that the pre-trial conference scheduled for **September 13, 2011 at 10:00 a.m.** and the trial scheduled to commence **September 29, 2011** are VACATED.

Dated this 11th day of July, 2011.

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge

---

[36] 538 U.S. 314, 123 S.Ct. 1462, 155 L.Ed.2d 454 (2003).

[37] 538 U.S. at 322, 123 S.Ct. at 1467.